**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALVARO RIVAS-PINEDA, | No. 10-73432 |
| Petitioner, | Agency No. A099-470-987 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Alvaro Rivas-Pineda, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's determination that Rivas-Pineda failed to demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground, including an actual or imputed political opinion, or membership in a particular social group. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (explaining petitioner must provide some evidence of motive, direct or circumstantial); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from . . . random violence by gang members bears no nexus to a protected ground."). Thus, Rivas-Pineda's asylum claim fails.

Because Rivas-Pineda failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the BIA's denial of Rivas-Pineda's CAT claim because he failed to demonstrate it is more likely than not he

would be tortured by or with the consent or acquiescence of the government if returned.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**